Childs, J.
In July, 1876, one Oliver F. Hibbard purchased of the Boomer and Boschert Press Company a power cider press, which he placed in a building previously erected by him, in Wolcott, N. Y. Such purchase was upon credit, Hibbard executing and delivering to said company two promissory notes and a chattel mortgage, which was filed in the proper town clerk’s office, covering the property so purchased, as security for the payment of said notes, on the first day of September, 1876. Hibbard and wife, by deed acknowledged that day, conveyed the cider mill property to his aunt, one Charlotte A. Winegar, on the 6th day of November, 1880, said Charlotte A. Winegar, by deed acknowledged that day, conveyed the same property to the plaintiff. In May, 1884, the last note given by Hibbard to said Boomer & Boschert Press Company not having been paid, said company, in a writing executed for that purpose, authorized the defendant as its agent, and by virtue of said chattel mortgage, to take possession of and sell the cider mill machinery covered thereby. The defendant, in pursuance of such authority, removed said machinery from the cider mill, and thereafter, upon demand therefor refused to deliver the same to the plaintiff. This action of replevin was then brought in the Wayne county court to recover the possession thereof.
On the trial it was claimed by the plaintiff that the chattel mortgage had not become a hen upon the machinery for the reason that the same was not executed or filed prior ♦ to the conveyance of the real estate by Hibbard to_ Winegar, his grantor; also that such machinery, at the time of the conveyance to him, was a fixture, and that the title thereto passed to him under his conveyance as part and parcel of the real estate, and he gave testimony tending to support *151 such claims, which were controverted by the defendant, who gave testimony tending to show that said chattel mortgage was executed, delivered and filed, before the conveyance by Hibbard had been regularly refiled, as required by the statute to a date later than that of the plaintiff’s conveyance; that at the time of the conveyance by Hibbard to Winegar the machinery had not been set up or placed in position for use in the mill; that the same was not, after that date, so annexed to the building as to become a fixture, and that neither Winegar nor plaintiff were bona fide purchasers of such property, so conveyed by Hibbard.
These questions were by the court all submitted to the jury, to be determined upon the conflicting testimony in the case. The plaintiff acquiesced in this disposition of the case. He did not ask the court to direct a verdict for the plaintiff, or to charge as matter of law that upon the evidence the property was a fixture. He did not object to the submission of any question to the jury as an issue of fact proper to be passed upon by them, and the court was not requested to exclude these questions from the jury or to pass upon them as issues of law. No exceptions were taken to the charge in these particulars. We think, therefore, that the verdict for the defendant, upon the questions litigated, is conclusive on the plaintiff.
We have examined the exceptions taken by plaintiff on the trial, but.find no error to the prejudice of the plaintiff.
The judgment should be affirmed.
Judgment and order affirmed.
Haight, Bradley and Angle, JJ., concur.